**FILED**
**Dec 16, 2019**
**09:46 AM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **Gena N. Mollica,** | )    **Docket No.: 2018-01-0702** |
|        **Employee,** | ) |
| **v.** | ) |
| **EHHI Holdings, Inc. DBA Advanced** | ) |
| **Home Care Management, Inc. DBA** | )    **State File No.: 66743-2017** |
| **Encompass Home Health,** | ) |
|        **Employer,** | ) |
| **And** | ) |
| **Amerisure Mutual Ins. Company,** | )    **Judge Audrey Headrick** |
|        **Carrier.** | ) |
| | ) |

---

## EXPEDITED HEARING ORDER FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

Ms. Mollica requested that EHHI provide medical and temporary disability benefits. EHHI accepted her back injury but did not provide treatment with an orthopedist after her treating physician left the practice. It also denied her allegation that use of Lyrica aggravated a pre-existing mental condition. The Court convened an Expedited Hearing on December 5, 2019, and holds Ms. Mollica is entitled to the requested benefits.

### History of Claim

Ms. Mollica underwent back surgery and afterward selected Dr. Steven Musick from a panel of pain-management specialists. To treat ongoing back pain and radiculopathy, Dr. Musick prescribed Gabapentin in September 2018 and cautioned Ms. Mollica to watch for mood changes, dizziness, and grogginess or fogginess. Ms. Mollica experienced these side-effects, so Dr. Musick replaced Gabapentin with Lyrica in December 2018.

1

Ms. Mollica testified that her mental condition declined by May 2019. She experienced memory problems, confusion, agitation, crying episodes, and the "deepest depression [she] had ever felt." She began having suicidal thoughts. Gay Wood, her nurse case manager, told Ms. Mollica that Lyrica caused those symptoms in other patients, and Ms. Mollica concluded that Lyrica caused her mental decline.

Because of the suicidal thoughts, Ms. Mollica checked herself into Valley Behaviorial Health Services for daily out-patient therapy. There she saw Dr. Gregory Oliver, a psychiatrist, and told him of her belief that Lyrica caused her symptoms. Ms. Mollica discussed multiple stressors with Dr. Oliver and a social worker. During childhood, she suffered emotional, physical, and sexual abuse. Regarding current stressors, Ms. Mollica disclosed she had a dysfunctional relationship with her partner, a pending divorce from her spouse,[1] a friend who was in a coma, and that EHHI terminated her on July 9 because she could not work due to her condition.[2] Dr. Oliver diagnosed "(1) [s]evere recurrent major depression without psychotic features; (2) [p]artner relational problems; (3) [h]istory of posttraumatic stress disorder (PTSD); (4) [h]x of nonepileptic seizures; (5) [p]ersonality disorder Cluster B Type." During her psychiatric therapy, Ms. Mollica continued seeing Dr. Musick for pain management.

In May 2019, Dr. Musick stated, "Lyrica could be adding into increased depressed mood but [it] does not appear to be the only factor." In June, Dr. Musick made a "[p]sychiatry referral [to Dr. Aslam Sandvi] under Worker's [sic] Compensation to determine work relatedness and potential treatment for significant worsening depression that started when she was on Lyrica." Ms. Mollica had neither taken anti-depressants in the year before the onset of her symptoms nor did she have problems from the medications even when she did. In July, Dr. Musick took Ms. Mollica off work "due to depression flare/aggravation from May 10 until present date and continuing secondary to depression as a result of Lyrica use." Ms. Mollica informed Dr. Musick she attempted to suicide in May, and he noted that Lyrica can cause significant problems with depression and suicidal risk. As to Dr. Musick's referral, EHHI neither authorized treatment with Dr. Sandvi nor provided a panel.

In October, Dr. Musick responded to a causation letter from Ms. Mollica's counsel. When asked if the employment contributed more than fifty percent in aggravating a pre-existing condition, Dr. Musick checked "yes" and wrote, "[b]ut still need psychiatry to evaluate & state for certainty." Dr. Musick's responded similarly when asked about whether the employment contributed more than fifty percent to the need for psychological/psychiatric treatment. Specifically, he wrote that he was, "[r]ecommending psychiatry evaluation [regarding if] Lyrica [is] causing significant

---

[1] Ms. Mollica and her spouse separated four years before their divorce was final in July 2019.

[2] Ms. Mollica paid out-of-pocket for psychiatric medications and medication evaluations after she lost her health insurance following her termination.

depression aggravation & treatment if so." As of November, Dr. Musick continued to recommend a psychiatric evaluation.

Regarding her mental health, Ms. Mollica received counseling from 2009 through 2014.[3] Past diagnoses included PTSD, dysthymia (persistent, low-grade depression), non-epileptic, psychogenic seizures, and a suicide attempt. During the hearing, Ms. Mollica admitted to threatening suicide once previously.

Aside from Ms. Mollica's mental-health treatment, she testified she has not received any orthopedic treatment for her back since October 2019. Dr. Venkatanarayanan Ganapathy, an authorized treating physician, left his practice and referred Ms. Mollica to treat with his colleague, Dr. Adam Caputo. EHHI did not authorize treatment with Dr. Caputo or provide a panel.

Ms. Mollica asked the Court to order EHHI to authorize the referral to Dr. Sandvi, a psychiatrist; reimburse out-of-pocket expenses for psychiatric medications and medication evaluations; authorize back treatment with orthopedist, Dr. Caputo; pay past and ongoing temporary disability benefits; and assess a twenty-five percent penalty for non-payment of temporary disability benefits. EHHI disputed Ms. Mollica's requests and argued that Lyrica did not cause her mental condition. It contended that her mental condition is a continuation of her previous mental conditions stemming from childhood traumas and dysfunctional interpersonal relationships.

## Findings of Fact and Conclusions of Law

### Standard Applied

To prevail at an expedited hearing, Ms. Mollica must show a likelihood of prevailing at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds she did.

### Medical Benefits

To receive medical benefits, Ms. Mollica must show, to a reasonable degree of medical certainty, that the employment "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14). Further, an aggravation of a pre-existing condition is compensable only if "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." *Id.*

---

[3] Ms. Mollica also saw a therapist twice as a child.

3

Regarding her request for the psychiatric referral, Dr. Musick, her panel physician, referred Ms. Mollica to Dr. Sandvi. When the treating physician refers the employee to a specialist physician, the employer must provide a panel of specialists within three business days unless it accepts the referral. Tenn. Code Ann. § 50-6-204(a). EHHI did not provide a panel, and the Court holds that it must schedule and authorize an evaluation with Dr. Sandvi.

Likewise, regarding her request for the orthopedic referral, Dr. Ganapathy, an authorized treating physician, referred Ms. Mollica to Dr. Caputo. Since EHHI did not provide a panel, the Court holds that it must schedule and authorize treatment with Dr. Caputo.

As for Ms. Mollica's out-of-pocket medical expenses, the Court finds the bills and receipts reasonable, necessary, and related to the aggravation of her pre-existing mental condition.

*Temporary Disability Benefits*

Turning now to temporary disability benefits, Ms. Mollica must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between the injury and her inability to work; and (3) the duration of her disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Dr. Musick took Ms. Mollica off work from May 10 forward due to an aggravation of her depression from Lyrica use. He causally related Ms. Mollica's inability to work to her mental condition and Lyrica usage but deferred to Dr. Sandvi, a psychiatrist, to confirm his opinion. As a panel physician, Dr. Musick's opinions regarding causation "shall be presumed correct but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102 (14)(E). The psychological records that EHHI submitted from 2009 to the present, as well as Ms. Mollica's acknowledgement of past psychological problems, do not rebut Dr. Musick's opinion. Her unrebutted testimony is that she did not receive counseling from 2014 until she sought treatment at Valley in May 2019, and she did not take antidepressants after January 2018 until May 2019.

The Court finds Ms. Mollica credible, and the employee's lay testimony is relevant to determine causation. Tennessee law has long held that medical testimony is not to be "read and evaluated in a vacuum," and medical proof "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). Before May 2019, Ms. Mollica worked full-time for EHHI without taking antidepressants or counseling. After taking Lyrica for several months, Ms.

4

Mollica checked herself into daily outpatient therapy due to her suicidal thoughts. When considering Dr. Musick's opinion and Ms. Mollica's testimony, the Court holds that she provided sufficient evidence at this interlocutory stage to establish entitlement to temporary total disability benefits.

*Non-Payment or Late Payment of Temporary Disability Benefits*

Ms. Mollica requested that the Court assess a twenty-five percent penalty for EHHI's non-payment of temporary disability benefits. Tennessee Code Annotated section 50-6-205(b)(3) authorizes a workers' compensation judge to assess a twenty-five-percent penalty when an employer "fails to pay, or untimely pays, temporary disability benefits within twenty (20) days after the employer has knowledge of any disability that would qualify for benefits under this chapter." However, this section also provides EHHI the opportunity to argue why the Court should not issue a penalty. Therefore, EHHI **shall respond on or before Friday, December 27, 2019, stating why the Court should not assess this civil penalty for nonpayment of past-due temporary disability benefits.**

**IT IS, THEREFORE, ORDERED** as follows:

1. EHHI shall schedule and authorize Ms. Mollica to see Dr. Sandvi for a psychiatric evaluation and treatment and to see Dr. Caputo for orthopedic treatment. Further, EHHI shall reimburse Ms. Mollica for out-of-pocket expenses incurred for treatment of her mental condition from May 2019 to the present.

2. EHHI shall pay past-due temporary total disability benefits at the agreed weekly compensation rate of $868.28 in the lump-sum amount of $27,412.84.[4]

3. EHHI shall continue to pay to temporary total disability benefits until Ms. Mollica is no longer eligible for those benefits.

4. This case is set for a Status Hearing on Tuesday, February 4, 2020, at 10:00 a.m. Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of its entry under Tennessee Code Annotated section 50-6-239(d)(3). Amerisure must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period

---

[4]The parties stipulated that Ms. Mollica's average weekly wage is $1,302.37.

of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED December 16, 2019.**

Judge Audrey A. Headrick

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Wage Statement
2. Change of Employee Information Form
3. Affidavit of Gena N. Mollica
4. Correspondence from Dr. Ahmed Ibrahim
5. Medical records:
    a. Dr. Steven Musick
    b. Dr. Venkatanarayanan Ganapathy
6. Medical records:
    a. Dr. Oliver Gregory
    b. Wendy K. Bovell, LCSW
    c. Aspire Health Alliance
    d. North River Associates
7. Text exchange between Ms. Mollica and Ms. Wood
8. Walgreen handout on Lyrica
9. Tri-State Psychiatry receipts
10. Walmart Pharmacy receipts

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Continue Expedited Hearing
5. Brief Opposing Employer's Motion to Continue Expedited Hearing and Supporting Request for Expedited Hearing
6. Employee's Notice of Filing of Amended List of Witnesses
7. Notice of Filing of Medical Records
8. Notice of Filing of Supplemented Medical Records
9. Employee's Notice of Filing of List of Exhibits
10. Employee's Notice of Filing of Medical Record Certification,
11. Order Denying Motion to Continue
12. Employer's Plain and Concise Statement and List of Witnesses and Exhibits to be Introduced at the Expedited Hearing
13. Motion to Compel Employee's Discovery Responses and Second Motion to Continue Expedited Hearing
14. Order Granting Motion to Compel Discovery Responses and Second Motion to Continue Expedited Hearing
15. Employee's Notice of Service of Discovery Responses
16. Motion to Reconsider and/or Amend Order Continuing the Expedited Hearing
17. Employee's Notice of Filing of Competency Statement from Dr. Gina Delagrado, Ph.D.

18. Employee's Supplement to Notice of Filing of Competency Statement from Dr. Gina Delagrado, Ph.D.
19. Order Granting, in Part, Motion to Reconsider and/or Amend Order Continuing the Expedited Hearing
20. Notice of Filing of Supplemented Medical Records of Dr. Steven Musick
21. Notice of Filing of Medical Records
22. Notice of Filing of Additional Medical Records

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on December 16, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Carmen Y. Ware, Employee's Attorney | | X | cyware@thewarelawfirm.com |
| G. Graham Thompson, Employer's Attorney | | X | gthompson@cskl.law |

_Penny Shrum_ W/permission

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

Employee _____

v.

Employer _____

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

Type of Case [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

Appellant (Requesting Party): _____ At Hearing: ☐ Employer ☐ Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099   rev. 10/18                              Page  1 of 2                              RDA 11082

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

Appellee (Opposing Party): _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellee**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the _____ day of _____, 20___

[Signature of appellant or attorney for appellant]   _____



## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone       $ _____ per month
Electricity      $ _____ per month     School Supplies $ _____ per month
Water            $ _____ per month     Clothing        $ _____ per month
Gas              $ _____ per month     Child Care      $ _____ per month
Transportation   $ _____ per month     Child Support   $ _____ per month
Car              $ _____ per month
Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____     (FMV) _____
Checking/Savings Acct.  $ _____
House                   $ _____     (FMV) _____
Other                   $ _____     Describe: _____

11. My debts are:

Amount Owed                             To Whom

_____                  _____
_____                  _____
_____                  _____
_____                  _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082